The Attorney General is in receipt of your letter wherein you ask, in effect, an official opinion on the following questions: Whether the Architectural Board can require compliance with the Intern Development Program as a prerequisite to sit for the architectural examination? Whether the Architectural Board may determine when an applicant may sit for examination? The questions raised concern the Board's ability to regulate and control the examination required, except as otherwise provided, to obtain a license to practice architecture within this State. It is well accepted that boards and agencies created by law can only exercise the powers granted by statute and cannot extend their power beyond that conferred upon them by law. Boydston v. State, Okla.,277 P.2d 138 (1954). Moreover, Application of State Board of Medical Examiners, 201 Okla. 365, 201 P.2d 211 (1949), early held that a board's rule making ability is limited by the laws responsible for its existence and such rules and regulations cannot extend or modify positive law. Further, absent these rules and regulations, however, an agency is without authority to proceed in any matter delegated. Adams v. Professional Practices Commission, Okla., 524 P.2d 932 (1974). The Board's authority to oversee the examination process is found at 59 O.S. 45.11 [59-45.11] (1971), as amended by House Bill 1100, and provides in pertinent part: "(2) The examination for a license to practice architecture in this state shall be held not less than once each year and shall cover such subjects as may be prescribed by the Board and shall be graded on such basis as the Board shall, by regulation, prescribe. The Board may adopt the examinations, and recommended grading procedures of the National Council of Architectural Registration Boards. Notice of the time and place of the holding of examinations shall be given in manner and form as prescribed by the Board. A graduate of an approved architectural school may take the examination after graduation, prior to meeting other requirements for licensing." Additional requirements to sit for examinations are that the individual be at least twenty-one (21) years of age, a bona fide resident or waiver by the Board upon certain findings, a graduate of an accredited school of architecture which confers a professional degree of architecture requiring at least five years of study, and payment of all required fees. The provisions cited speak to additional statutory requirements. The Board's contemplated action creates additional requirements for examinations thereby expanding the provision for examinations. Any Board action which places additional requirements upon applicant is beyond the scope of the law and is not authorized. Your second query goes to whether the Board has the authority to determine at what point an otherwise qualified applicant can sit for examination. We invite your attention to those cases cited earlier and contend they control in this situation also. Under 59 O.S. 45.8 [59-45.8](b) (1971), the Board is empowered to regulate the scope and manner in which examinations are given. Section 59 O.S. 45.8 [59-45.8](b) provides in part: "(b) To hold examinations of persons who shall apply for the issuance of licenses to them, and to promulgate such rules and regulations with reference thereto as it may be deemed proper." Additional powers granted to the Board at 59 O.S. 45.11 [59-45.11](2), as amended by House Bill 1100, do not grant the Board authority to determine when an otherwise qualified applicant can sit for examination. A reading of the provisions cited does not authorize the Board to determine when an applicant, satisfying the statutory requirements, can sit for examination. It is, therefore, the opinion of the Attorney General that: 1. Title 59 O.S. 45.11 [59-45.11](1)(2) (1971), as amended by House Bill 1100, establishes the requisite requirement to sit for examination and the Architectural Board is without authority to impose additional conditions precedent where no such requirements are mandated by law. 2. Exception for scheduling purposes, set out in 59 O.S. 45.11 [59-45.11](2) (1971), as amended by House Bill 1100, the Architectural Board has no authority to determine when an applicant, otherwise qualified by law, can sit for examination. (Ronald Lee Johnson)